IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:14-cr-20298-JTF-tmp |
| ROY THOMPSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

**ORDER ADOPTING THE REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS**
_____

Before the Court comes Defendant Roy Thompson's Motion to Suppress filed on December 31, 2014. (ECF No. 17). The Government filed a Response in Opposition on January 14, 2015, (ECF No. 18), and this Court referred the Motion to Suppress to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), (ECF No. 20). On March 24, 2015, the Magistrate Judge held a hearing on the motion. (ECF No. 26). The Magistrate Judge issued his Report and Recommendation that Defendant's Motion to Suppress be denied on April 21, 2015. (ECF No. 28). On May 6, 2015, the Defendant filed Objections. (ECF No. 31).

For the following reasons, the Court finds that the Magistrate Judge's Report and Recommendation should be ADOPTED, and Defendant's Motion to Suppress DENIED.

1

## I. FACTUAL HISTORY

With the parties filing no objections to the Magistrate Judge's proposed facts,[1] the Court adopts the Magistrate Judge's proposed findings of fact as the factual history. (ECF No. 28 at 1-4). The Magistrate Judge found the officers' testimony credible and the Defendant did not testify at the suppression hearing of March 24, 2015. (ECF No. 28 at 2); *see also* (ECF No. 26).

## II. STANDARD OF REVIEW

The district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to such a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate

---

1. Defendant does object to the fact that "an unidentified person randomly flagged down the police and sa[id] drugs are being sold in [Defendant's] apartment." (ECF No. 31 at 2). However, this Court finds such issue unnecessary to consider. Specifically, "[a]n officer with consent needs neither a warrant nor probable cause to conduct a constitutional search." *See United States v. Jenkins*, 92 F.3d 430, 436 (6th Cir. 1996) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973)). With "consented-to searches" being constitutional, the Court need not consider whether this "unidentified person" could have given the officers probable cause. *See Reynolds v. City of Anchorage*, 379 F.3d 358, 370 (6th Cir. 2004).

    Further, the Court does not find Defendant's objection that the officers' story was "unbelievable" sufficient to be a specific objection to the Magistrate Judge's findings of fact. (ECF No. 31). The Sixth Circuit has emphasized that objections are to be specific in order to narrowly focus the district court's attention on the dispositive and contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985)) ([O]bjections were to address specific concerns[,which is] . . . 'supported by sound considerations of judicial economy. . . . [This] thereby prevent[s] the district court from being 'sandbagged' [on appellate review] by a failure to object."). Without a specific objection, it is difficult for the Court to construe how the Magistrate Judge's Report and Recommendation misrepresented the facts of this case or what cause or issue the parties could find objection. The failure to identify specific concerns with a Magistrate Judge's report and recommendation allows the party's objection to be deemed a general objection, or a failure to object entirely. *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (citing *Howard*, 932 F.2d at 509).

judge. *See* Fed R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Baker v. Peterson*, 67 Fed. App'x 308, 310 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard." (internal citations omitted)).

**III. ANALYSIS**

**A. The Magistrate Judge's Report and Recommendation**

In his Report and Recommendation, the Magistrate Judge examined whether the Defendant's Motion to Suppress should be granted. (ECF No. 17). The Magistrate Judge recommends that the Motion to Suppress be denied. (ECF No. 28 at 4-11). Specifically, the Magistrate Judge's proposed conclusions of law are as follows:

1. Consent to Search

The Magistrate Judge concluded that the officers had consent to search the premises. (ECF No. 28 at 9). The Fourth Amendment requires that searches have "'prior approval by judge or magistrate . . . subject only to a few specifically established and well-delineated exceptions.'" *Id.* at 5 (quoting *Arizona v. Gant*, 556 U.S. 332, 338 (2009) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967))). A "consented-to search[]" is among such exceptions. *Id.* (quoting *Reynolds v. City of Anchorage*, 379 F.3d 358, 370 (6th Cir. 2004)). "Whether consent was free and voluntary as to waive the warrant requirement of the Fourth Amendment is 'a question of fact to be determined from the totality of all the circumstances.'" *Id.* at 6 (quoting *United States v. Carter*, 378 F.3d 584, 587 (6th Cir. 2004) (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973))). Based on Chaka Ford's verbal and written consent statement, and

3

the lack of evidence of coercion or misunderstanding, the Magistrate Judge determined that Ms. Ford's consent "was given knowingly, voluntarily, and intelligently." *Id.*

Further, the Magistrate Judge determined that the officers' reliance on Ms. Ford's consent was objectively reasonable. *Id.* at 7 (The "determination of consent to enter must 'be judged against an objective standard: would the facts available to the officer at the moment . . . warrant a man of reasonable caution in the belief that the consenting party had authority over the premises?" (internal quotation marks omitted) (quoting *Illinois v. Rodriquez*, 497 U.S. 177, 188-89 (1990) (quoting *Terry v. Ohio*, 392 U.S. 1, 21-22 (1968))). Ms. Ford answered the door and stated that she was the leaseholder of the premises, and she accompanied the officers during the search, which the Magistrate Judge determined "justified the officers' reasonable belief that Ford had authority to consent to the search." *Id.* at 7.

Moreover, the officers' failure to obtain Defendant's consent is not required. *Id.* ("[I]t would be unjustifiably impractical to require the police to take affirmative steps to confirm the actual authority of the consenting individual . . . ." (quoting *Georgia v. Randolph*, 54 U.S. 103, 122 (2006))). Defendant must to have objected to the search to revoke the consent of Ms. Ford as to him. *Id.* at 8 ("[A] physically present inhabitant's express refusal of consent to a police search is dispositive as to him, regardless of the consent of a fellow occupant." (quoting *Randolph*, 54 U.S. at 122-23)). The Magistrate Judge determined that Defendant's presence during Ms. Ford's consent, and failure to object before or after, results in a legal search under the Fourth Amendment. *Id.* at 8-9 (cf. *United States. v. Stanley*, 351 F. App'x 69 (6th Cir. 2009)).

2. <u>Defendant's Statements without being Mirandized</u>

The Magistrate Judge found Defendant's statements were spontaneously and voluntarily given without any form of police interrogation. (ECF No. 28 at 10); *see United States v. Cole*,

315 F.3d 633, 636 (6th Cir. 2003) ("Statements made by a defendant in response to interrogation while in police custody are not admissible unless the defendant has first been apprized of the constitutional right against self-incrimination and has validly waived this right." (citing *Miranda v. Arizona*, 384 U.S. 436, 478-79 (1966))). The Magistrate Judge thereby determined that such statements were not barred under *Miranda*. (ECF No. 28 at 10); *see Cole*, 315 F.3d at 636 ("'Volunteered statements of any kind are not affected by' the holding in *Miranda*." (quoting *Miranda*, 384 U.S. at 478)). As such, the Magistrate Judge recommends that Defendant's Motion to Suppress be denied as to both issues.

**B. Defendant's Objections to the Magistrate Judge's Report and Recommendation**

Defendant's objections primarily assert three issues with the Magistrate Judge's Report and Recommendation. (ECF No. 31). First, the Defendant contends that the Magistrate Judge improperly considered the officers' story regarding an unidentified person pointing them to the apartment. "An officer with consent needs neither a warrant nor probable cause to conduct a constitutional search." *See United States v. Jenkins*, 92 F.3d 430, 436 (6th Cir. 1996) (citing *Bustamonte*, 412 U.S. at 219). With "consented-to searches" being constitutional, the Court need not consider whether this "unidentified person" could have given the officers probable cause. *See Reynolds*, 379 F.3d at 370. Second, Defendant maintains that the officers should have asked Defendant for consent and verified Ms. Ford's authority to consent. The Magistrate Judge properly analyzed this issue. *See* (ECF No. 28 at 6-9) ("[I]t would be unjustifiably impractical to require the police to take affirmative steps to confirm the actual authority of the consenting individual . . . ." (quoting *Randolph*, 54 U.S. at 122 )); (requiring "express refusal of consent" from "a physically present inhabitant[]" (quoting *id.* at 122-23)). Third, the Defendant claims that the officers' story that they did not ask Defendant any questions was "unbelievable."

However, the Magistrate Judge, upon full observation of the officers' demeanor, found the officers' testimony credible and thus believable. (ECF No. 28 at 2); *see also* (ECF No. 26). As such, the Court OVERRULES Defendant's Objections.

Upon *de novo* review, the Court does not find issue with the Magistrate Judge's proposed conclusions of law regarding consent to the search or Defendant's statements. First, Ms. Ford properly consented to the search, and Defendant failed to raise objection at the time of the incident. *See* (ECF No. 28 at 2-3). Nor does Defendant argue that he did raise objection at the time of the search. *See* (ECF Nos. 17, 31). Second, Defendant voluntarily gave his statements without any form of improper inducement by the officers. *See* (ECF No. 28 at 3-4, 10). Nor does Defendant argue that his statement was in response to some specific eliciting behavior of the officers other than it being an "unbelievable" story. *See* (ECF Nos. 17, 26, 31). As such, this Court finds the Magistrate Judge's analysis and recommendation proper.

### IV. CONCLUSION

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's Report and Recommendation to deny Defendant's Motion to Suppress. Therefore, Defendant's Motion to Suppress is DENIED.

IT IS SO ORDERED on this 11th day of May, 2015.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge